**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| CHRISTOPHER LUCINEO,<br><br>Plaintiff<br><br>vs.<br><br>VU VIENG C<br>an individual<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 2:26-cv-1043-WBV-JVM<br><br>Judge:<br><br>Magistrate |

**ANSWER AND AFFIRMATIVE DEFENSES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, VU VIENG C, who respectfully submits this Answer to the Complaint filed by Plaintiff, CHRISTOPHER LUCINEO, as follows:

**JURISDICTION AND PARTIES**

1.

Defendant admits the allegations contained in paragraph 1 of the Complaint; but denies any violation thereof.

2.

Defendant admits the allegations contained in paragraph 2 of the Complaint but denies that Plaintiff is entitled to any relief.

3.

Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.

Defendant denies the allegations contained in paragraph 4 to paragraph 7 of the Complaint for lack of sufficient information to justify a belief thereon.

5.

Defendant admits ownership of the subject property only to extent reflected in public records; but denies all remaining allegations contained in paragraph 8 of the Complaint.

6.

Defendant admits that the subject property constitutes a place of public accommodation within the meaning of the ADA; but denies all remaining allegations contained in paragraph 9 to paragraph 11 of the Complaint.

7.

Defendant admits that the Property is located within Orleans Parish, in the Eastern District of Louisiana; but denies all remaining allegations contained in Paragraph 12, including any implication that any unlawful event or violation occurred.

**COUNT I – RESPONSE TO ALLEGED VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

8.

Defendant repeats and incorporates by reference its responses to Paragraphs 1through 12 above as if fully set forth herein.

9.

Defendant admits that the Property is generally located at 2101 Elysian Fields Avenue, New Orleans, Louisiana and admits that the Property is a place of public accommodation subject to the ADA, without admitting that any violation of the ADA exists or has occurred.

10.

Defendant denies the allegations contained in Paragraph 15 of the Complaint for lack of sufficient information sufficient to form a belief as to the truth thereon.

11.

Defendant denies the allegations contained in Paragraph 16 and Paragraph 17 of the Complaint.

12.

Defendant denies the allegations contained in Paragraph 18 and Paragraph 19 of the Complaint for lacking sufficient information to form a belief as to the truth thereon.

13.

Defendant denies the allegations contained from Paragraph 20 to Paragraph 22 of the Complaint.

14.

Defendant denies the allegations contained in Paragraph 23 of the Complaint.

15.

Defendant admits, upon information and belief, that Plaintiff has retained counsel in connection with this action, but defendant denies all remain allegations contained in Paragraph 24 of the Complaint.

**COUNT II – RESPONSE TO ALLEGED VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS**

16.

Defendant repeats and incorporates by reference its responses to Paragraph 1 through 24 above as if fully set forth herein.

17.

Defendant admits that the LCHR, La. Rev. Stat. Ann. § 51:2231 et seq., has been in full force and effect at all times relevant to this action, but denies all remaining allegations contained in Paragraph 26 of this Complaint.

18.

Defendant denies the allegations contained in Paragraph 27 for lacking sufficient information to form a belief as to the truth thereon.

19.

Defendant admits that the Property qualifies as a place of public accommodation as defined by La. Rev. Stat. Ann. § 51:2232(9), but denies all remaining allegations contained in Paragraph 28 of this Complaint.

20.

Defendant admits that La. Rev. Stat. Ann. § 51:2247 contains language substantially similar to that quoted, but denies any characterization inconsistent with the statute's actual text and denies that Defendant has violated this provision and any remaining allegation contained in Paragraph 29.

21.

Defendant admits that La. Rev. Stat. Ann. § 51:2264 extends a private right of action to

persons who deem themselves injured by a violation of the LCHR, but denies that Plaintiff has been injured by any act or omission of Defendant and denies any remaining allegation contained in Paragraph 30.

22.

Defendant denies the allegations contained in Paragraph 31 of this Complaint.

23.

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

24.

Defendant denies the allegations contained in Paragraph 33 of the Complaint.

**AND NOW IN FURTHER ANSWERING**, Defendant asserts the following affirmative defenses and/or arguments and argues that this cause must be dismissed:

1. The Complaint fails to state a claim upon which relief can be granted;
2. Plaintiff lacks Article III standing to pursue injunctive relief because Plaintiff cannot establish a real and immediate threat of future injury, including a credible and genuine intent to return to the Property, sufficient to support standing for prospective relief under Title III of the ADA.
3. Defendant has not violated the ADA or any applicable law.
4. Plaintiff fails to identify alleged barriers with sufficient specificity.
5. Any alleged modifications are not readily achievable within the meaning of the ADA.
6. The requested modifications would impose an undue burden and/or fundamentally alter the nature of the property.
7. Any alleged barriers have been or may be remedied, rendering claims moot.
8. Plaintiff failed to mitigate damages, if any.
9. Any alleged damages were caused in whole or in part by third parties or factors outside Defendant’s control.
10. Plaintiff is not entitled to monetary damages under Title III of the ADA.

**RESERVATION OF RIGHTS**

During the course of this proceeding, Defendant may learn of additional information under

the theories set forth in the Petition. Defendant expressly reserves his right to amend and supplement this original Answer to include: (i) further information regarding the facts described herein; and/or (ii) additional causes of action, that may become known to Defendant at any time during this proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Answer.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant, VU VIENG C, prays that the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint be deemed good and sufficient, and that after due delays and proceedings are had, that there be judgment in favor of Defendant, VU VIENG C, and against Plaintiff, CHRISTOPHER LUCINEO, dismissing the demands asserted, with prejudice, and at Plaintiff's cost, including any and all other general and equitable relief.

Respectfully submitted,

**CAO LAW FIRM**

Anh "Joseph" Cao (LSBA No. 26836)
1440 Lapalco Blvd.
Harvey, LA 70058
T: (504) 367-5001
F: (504) 684-1231
E: acao@mygrad.loyno.edu
***Attorneys for Defendant, Vu Vieng C***

**CERTIFICATE OF SERVICE**

I do hereby certify that the above and foregoing Answer and Affirmative Defenses has been served on all counsel of record herein by e-mail, facsimile, hand delivery, and/or by mailing same via United States mail, properly addressed, and first-class postage prepaid this 06th day of July, 2026.

ANH JOSEPH CAO